UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NANCY ROBERSON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | **CIVIL ACTION NO.:** _____ |
| § | |
| **ALLSTATE VEHICLE AND PROPERTY** § | |
| **INSURANCE COMPANY, KRISTEE** § | |
| **ELDRIDGE, AND EDWARD FELCHAK,** § | |
| § | |
| **Defendants.** § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On or about September 1, 2016, Plaintiff Nancy Roberson ("Plaintiff") filed her Original Petition in Cause No. 16-09-10159 in the 284th Judicial District Court of Montgomery County, Texas, initiating a civil cause of action against Allstate Vehicle and Property Insurance Company ("Allstate"), Kristee Eldridge ("Eldridge"), and Edward Felchak ("Felchak") (collectively "Defendants"). Exhibit D.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants Allstate and Eldridge. Additionally, Felchak has been fraudulently joined for the purpose of defeating diversity.

3. Plaintiff alleges multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiff. Plaintiff specifically alleges

breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act and fraud against Allstate. As to Eldridge and Felchak, Plaintiff asserts claims for violations of Chapter 541 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, negligence and gross negligence. Plaintiff further alleges that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. Allstate received the Citation and Plaintiff's Original Petition by certified mail, return receipt requested on or about October 6, 2016. Exhibits D, H and I. Allstate filed its Original Answer on October 28, 2016. Exhibit J. Eldridge received the Citation and Plaintiff's Original Petition by personal delivery on or about October 18, 2016. Exhibits D and F. Eldridge filed her Original Answer on November 3, 2016. Exhibit K. Felchak received the Citation and Plaintiff's Original Petition by personal delivery on or about October 17, 2016. Exhibits D and G. Felchak filed his Original Answer on November 3, 2016. Exhibit L.

5. Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.    GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Complete Diversity Exists Between the Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Montgomery County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of

citizenship.  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011).  A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted).  Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.*  Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

8. Defendant Allstate Vehicle and Property Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois.  Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois.

9. Defendant Eldridge was, at the time this action was commenced, and still is, domiciled in Ocean Springs, Mississippi.  In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011).  Thus, for purposes of diversity of citizenship, Defendant Eldridge is considered a Mississippi citizen.  Therefore, complete diversity of citizenship exists between Plaintiffs and Eldridge.

10. Finally, although Defendant Felchak is a citizen and resident of the state of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiff has not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction.  A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen.*

*Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004) *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

11. To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross* v. *CitiFinancial, Inc.,* 344 F.3d 458, 461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Felchak. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

12. In order to assert a cognizable claim, plaintiffs must put defendants on fair notice of

the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery). In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jiminez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

13. Plaintiff's factual allegations regarding Defendant Felchak do not form the basis of an independent cause of action against him as opposed to the carrier. Rather, Plaintiff has filed suit against Felchak (and the diverse adjuster) for the same reasons that Plaintiff filed suit against Allstate. She is unhappy that Allstate denied "full" payment to her.

14. Texas law does not contemplate that adjusters like Eldridge and Felchak will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm*

*Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations similar to those asserted by Plaintiffs in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Mainali Corp. v. Covington Specialty Insurance Co.,* No. 3:15-CV-1087-D, 2015 WL 5098047, 3:15-CV-1087-D (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *One Way Investments v. Century Surety Company*, No. 3:14-CV-2839-D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (finding almost identical allegations against an adjuster insufficient to assert a cognizable cause of action against the adjuster); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.)

(holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiff's claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm); *Lopez v. United Property & Casualty Ins. Co.*, 2016 WL 3671115, CA NO. 3:16-CV-0089 (S.D. Tex. July 11, 2016) (finding allegations virtually identical to those asserted by Plaintiffs in the instant case insufficient to establish the possibility of a claim against the adjuster).

15. Plaintiff does not allege specific facts regarding specific misrepresentations by Felchak, nor does Plaintiff allege any specific detrimental reliance and injury from any such representation. Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually

within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

16. Further, Texas law does not recognize a cause of action for negligent insurance claims handling. *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir.1994) (stating there is no negligent insurance adjusting claim in Texas); *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 448 (5th Cir.2011) ("Texas law does not recognize a cause of action for negligent claims handling.") (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir.1997)). This rule has been applied both to insurance companies and to insurance adjusters. See *Rooters*, 428 F. App'x at 448 (holding that an insurance company could not be found liable for negligent claims handling); see also *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D.Tex.1994) (holding that an insurance adjuster could not be held individually liable for negligent claims handling); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916 (Tex.App.-Dallas 1997) (Claims that an independent adjusting firm negligently investigated a claim against an insured "must also fail as a matter of law."), overruled on other grounds by *Apex Towing Co. v. To*lin, 41 S.W.3d 118 (Tex.2001). Because there is no cause of action in Texas for negligent claims handling by adjusters, there is no reasonable basis on which Plaintiff could recover against Felchak for negligent claims handling or gross negligence. *Id.; see also Zimmerman v. Travelers Lloyds,* 2015 WL 3971415, Civil Action No. 5:15–CV–325 (June 30, 2015) (finding no valid causes of action against an adjuster for negligence and gross negligence claims).

17. Based upon the allegations in the Plaintiff's live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Felchak for Plaintiff's Insurance Code, DTPA, negligence and gross negligence claims or that Plaintiff can establish a cause of action against him in state court. Felchak has been improperly joined for the sole purpose of defeating

diversity jurisdiction in this court and his citizenship, therefore should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants. Furthermore, because Felchak was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

### B. Defendant Eldridge Consents to Removal.

18. In accordance with 28 U.S.C. § 1446(b)(2)(A), Defendant Kristee Eldridge consents to this removal. Exhibit O.

### C. The Amount in Controversy Exceeds $75,000.

19. Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff's Original Petition specifically states that Plaintiffs seek "monetary relief of no less than $100,000 . . . ." Exhibit D.

### III. VENUE

20. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Montgomery County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

21. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Southern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Civil Case Information Sheet filed in 284th District Court of Montgomery County, Texas on September 1, 2016 |

| EXHIBIT | DESCRIPTION |
|---|---|
| D. | Plaintiffs' Original Petition filed in 284th District Court of Montgomery County, Texas on September 1, 2016 |
| E. | Order from the 284th Judicial District Court transferring case to the County Court at Law Number Two |
| F. | Citation to Kristee Eldridge issued by the District Clerk of Montgomery County, Texas on October 4, 2016 |
| G. | Citation to Edward Felchak issued by the District Clerk of Montgomery County, Texas on October 4, 2016 |
| H. | Citation to Allstate Vehicle and Property Insurance Company issued by the District Clerk of Montgomery County, Texas on October 4, 2016 |
| I. | CT Corporation's notification of service of process dated October 6, 2016 |
| J. | Defendant Allstate Vehicle and Property Insurance Company's Original Answer filed in 284th District Court of Montgomery County, Texas on October 28, 2016 |
| K. | Defendant Kristee Eldridge's Original Answer filed in County Court at Law Number 2 of Montgomery County, Texas on November 3, 2016 |
| L. | Defendant Edward Felchak's Original Answer filed in County Court at Law Number 2 of Montgomery County, Texas on November 3, 2016 |
| M. | Defendant Kristee Eldridge's Consent to Removal |
| N. | List of Counsel of Record |

22. This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

23. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

24. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

25. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 284th Judicial District Court of Montgomery County, Texas promptly after filing of same.

26. Plaintiffs have made a jury demand.

## V.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate respectfully requests that the above-captioned action now pending in the County Court at Law No. 2 for Montgomery County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,

*/s/ W. Neil Rambin*
W. NEIL RAMBIN
State Bar No. 16492800
Southern District No. 5450
rambindocket@sedgwicklaw.com
SUSAN E. EGELAND
State Bar No. 24040854
Southern District No. 1804016
susan.egeland@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
Southern District No. 16977
kimberly.steele@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200
(469) 227-8004 (Fax)

**ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 4th day of November, 2016, *via ECF notification*.

    Chad T. Wilson
    CHAD T WILSON LAW FIRM PLLC
    1322 Space Park Drive
    Suite A155
    Houston, Texas 77058

    */s/ L. Kimberly Steele*
    L. KIMBERLY STEELE