# EXHIBIT D

Received and E-Filed for Record
9/1/2016 3:38:53 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-09-10159

| | | |
|---|---|---|
| **NANCY ROBERSON,** | § | **IN THE JUDICIAL COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | Montgomery County - 284th Judicial District Court |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY, KRISTEE** | § | |
| **ELDRIDGE, AND EDWARD FELCHAK,** | § | |
| | § | |
| **DEFENDANTS.** | § | **_____ DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Nancy Roberson, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure,** complaining of Allstate Vehicle and Property Insurance Company ("Allstate"), Edward Felchak ("Felchak"), and Kristee Eldridge ("Eldridge") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.   Plaintiff, Nancy Roberson, resides in Montgomery County, Texas.

3.   Defendant, Allstate Vehicle and Property Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas.   Plaintiff requests service of citation upon Allstate Vehicle and Property Insurance Company through its registered agent for service:   **CT Corporation System, 1999 Bryan Street Suite 900,**

**Dallas, Texas 75201-3136**.  Plaintiff requests service at this time.

4.     Defendant, Kristee Eldridge, is an Adjuster in the course and working scope of employment with Allstate.  Plaintiff requests service of citation upon Kristee Eldridge at:  **2011 Stuart Avenue, Ocean Springs, Mississippi 39564-3927.**  Plaintiff requests service at this time.

5.     Defendant, Edward Felchak, is an Adjuster in the course and working scope of employment with Allstate.  Edward Felchak is a resident of Trinity, Texas.  Plaintiff requests service of citation upon Edward Felchak at:  **122 Sheri Lane, Trinity, Texas 75862.**  Plaintiff requests service at this time.

### JURISDICTION

6.     The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

7.     The Court has jurisdiction over Eldridge because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

8.     The Court has jurisdiction over Felchak because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

9.    Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, negligence, gross negligence, and violations of the Texas DTPA.

11.   Plaintiff owns an Allstate Vehicle and Property Insurance Company homeowner's insurance policy, number 000836346830 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 44 Fairfield Drive, Montgomery, Texas 77356-8252 ("the Property").

12.   Allstate or its agent sold the Policy, insuring the Property, to Plaintiff.  Allstate or its agent represented to Plaintiff that the Policy included personal property coverage for exterior and interior damage to Plaintiff's home.  Allstate has refused the full extent of that coverage currently owed to Plaintiff.

13.   On or about April 27, 2016, the Property sustained extensive windstorm, hail, and water damage resulting from a severe storm that went through the Montgomery, Texas area.

14.   Plaintiff submitted a claim to Allstate against the Policy for damage to the Property.

15.   Allstate assigned claim number 041122845 to Plaintiff's claim.

16.   Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

3

17.   Allstate assigned or hired both Felchak and Eldridge to adjust the claim.

18.   Allstate, through its agents, namely Felchak and Eldridge, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

19.   The initial adjustment of the claim occurred on or around May 2, 2015.

20.   Felchak found damage to the roof, exterior fascia, A/C conditioner, a bathroom, bedroom, and closet.

21.   Regarding the roof, Felchak stated in his estimate that "[t]he only slope damaged by the tree top was the farthest north and the adjacent south slope at the front of the house." As a result of the alleged tree damage, Felchak determined that only 9.87 roof squares needed to be replaced, or roughly 20% of the roof.

   a.   However, Felchak failed to write up an estimate for other damage to the Property affected by the windstorm, but not necessarily by the falling tree. Specifically, Felchak failed to account for any hail and wind damage to the rest of the roof. It is Plaintiff's contention that the entire roof needs to be replaced as a result of widespread wind damage to the left, right, back, and front slopes of the roof.

   b.   Furthermore, Felchak, contrary to proper adjusting and HEPA standards, failed to assess and mitigate any interior mold damage caused by the storm.

22.   Felchak ultimately calculated the replacement cost value of damage to the Property at $8,163.01.

23.   On or about June 4, 2016, Eldridge conducted a re-inspection of the Property, and added in the mold damage that Felchak had missed. However, Eldridge, like Felchak, failed to

4

properly assess the damage on the roof.

24.    Felchak and Eldridge's adjustment of the claim was problematic because:

     a.    Felchak and Eldridge had a vested interest in undervaluing the claim assigned to
them by Allstate in order to maintain their employment. The disparity in the number
of damaged items in their reports compared to that of Plaintiff's public adjuster's
is evidence of fraud on the part of Felchak and Eldridge. The valuation of damages
that were included in Felchak and Eldridge's report compared to Plaintiff's public
adjuster's is also evidence of fraud on the part of Felchak and Eldridge.

     b.    Felchak and Eldridge made misrepresentations as to the amount of damage
Plaintiff's Property sustained, as well as misrepresentations regarding how much it
would cost to repair the damage to Plaintiff's Property.

25.    To date, Allstate has not made sufficient payments that would allow Plaintiff to make all
necessary repairs to damage caused by the storm.

26.    Allstate has ultimately refused full coverage which includes, but is not limited to damage
to the interior of Plaintiff's home. The damage to Plaintiff's Property is currently estimated
at $45,026.93.

27.    As stated above, Allstate improperly adjusted Plaintiff's claim.  Without limitation,
Allstate misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's
Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under
the Policy.

28.    Allstate made these and other false representations to Plaintiff, either knowingly or
recklessly, as a positive assertion, without knowledge of the truth.  Allstate made these

false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Allstate.

29.     Plaintiff relied on Allstate's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

30.     Upon receipt of the inspection and estimate reports from Felchak and Eldridge, Allstate failed to assess the claim thoroughly. Based upon Allstate's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

31.     After receipt of Plaintiff's initial demand letter, Defendant refused to conduct further meaningful investigation into Plaintiff's claim. This complete disregard and delay is inexcusable. To date, the damage to Plaintiff's home remains unpaid.

32.     Because Allstate failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

33.     Furthermore, Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

6

34.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

35.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of Allstate's liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

36.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

37.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Allstate, through its agents, servants, and representatives, namely Eldridge, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

38.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

7

39.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

40.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### BREACH OF CONTRACT

41.     All allegations above are incorporated herein.

42.     Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

43.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

44.     All allegations above are incorporated herein.

45.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

46.    Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.    Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.    Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.    Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50.    Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51.    All allegations above are incorporated herein.

9

52. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

53. Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

54. Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55. All allegations above are incorporated herein.

56. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

57. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

58. All allegations above are incorporated herein.

59. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions

precedent to bringing this cause of action against Allstate.   Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.   Allstate 's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.   This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Allstate's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

61.   All allegations above are incorporated herein.

62.   Allstate is liable to Plaintiff for common law fraud.

63.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

64.   Allstate made the statements intending that Plaintiff act upon them.   Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT KRISTEE ELDRIDGE

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

65. All allegations above are incorporated herein.

66. Eldridge's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

67. Eldridge is individually liable for her unfair and deceptive acts, irrespective of the fact that this Defendant was acting on behalf of Allstate, because Eldridge is a "person," as defined by TEX. INS. CODE §541.002(2).

68. Eldridge knowingly underestimated the amount of damage to the Property. As such, Eldridge failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

69. Furthermore, Eldridge did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

70. Eldridge's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

71. Eldridge's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

72.   All allegations above are incorporated herein.

73.   Eldridge's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
      Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
      and services provided by Eldridge pursuant to the DTPA.  Plaintiff has met all conditions
      precedent to bringing this cause of action against Eldridge.  Specifically, Eldridge's
      violations of the DTPA include the following matters:

      A.   By this Defendant's acts, omissions, failures, and conduct, Eldridge has violated
           sections 17.46(b)(2), (5), and (7) of the DTPA.  Eldridge's violations include, (1)
           failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an
           estimate reflecting the proper repair of Plaintiff's Property when liability has
           become reasonably clear, which gives Plaintiff the right to recover under section
           17.46(b)(2).

      B.   Eldridge represented to Plaintiff that the Policy and this Defendant's adjusting and
           investigative services had characteristics or benefits they did not possess, which
           gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

      C.   Eldridge represented to Plaintiff that the Policy and this Defendant's adjusting
           services were of a particular standard, quality, or grade when they were of another,
           in violation of section 17.46(b)(7) of the DTPA.

      D.   Eldridge's actions are unconscionable in that Eldridge took advantage of Plaintiff's
           lack of knowledge, ability, and experience to a grossly unfair degree.  Eldridge's

14

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.  Eldridge's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

74.  Each of Eldridge's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Eldridge, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

75.  All allegations above are incorporated herein.

76.  Defendant Eldridge was negligent in his actions with regards to her adjustment of Plaintiff's claim, and violated the standard of care for insurance adjusters in the State of Texas. Those failures include one or more of the following acts or omissions:

a.  Failure to conduct a reasonable inspection/adjustment;

b.  Failure to include covered damage that would be discovered as a result of a reasonable inspection;

c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

77. Eldridge's acts and/or omissions constitute negligence. Her conduct, individually and together, was therefore a proximate cause of the damages sustained by Plaintiff.

78. At all relevant times, Eldridge was an agent or employer of Defendant Allstate.

79. Eldridge's unreasonable inspection/adjustment was performed within the course and scope of her duties with Defendant Allstate. Therefore, Defendant Allstate is also liable for the negligence of Eldridge through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

80. All allegations above are incorporated herein.

81. Defendant Eldridge's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a. Eldridge's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

   b. Eldridge had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

82. Eldridge intentionally misrepresented the scope and amount of damages. Eldridge's estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## CAUSES OF ACTION AGAINST DEFENDANT EDWARD FELCHAK

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

83.     All allegations above are incorporated herein.

84.     Felchak's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
        Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

85.     Felchak is individually liable for his unfair and deceptive acts, irrespective of the fact that
        this Defendant was acting on behalf of Allstate, because Felchak is a "person," as defined
        by TEX. INS. CODE §541.002(2).

86.     Felchak knowingly underestimated the amount of damage to the Property.  As such,
        Felchak failed to adopt and implement reasonable standards for the investigation of the
        claim arising under the Policy.  TEX. INS. CODE §542.003(3).

87.     Furthermore, Felchak did not attempt in good faith to effect a fair, prompt, and equitable
        settlement of the claim.  TEX. INS. CODE §542.003(4).

88.     Felchak's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
        explanation of the basis in the Policy, in relation to the facts or applicable law, for
        underpayment of the claim, also constitutes an unfair method of competition and an unfair
        and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

89.     Felchak's unfair settlement practice of failing to attempt in good faith to make a prompt,
        fair, and equitable settlement of the claim, even though liability under the Policy was
        reasonably clear, constitutes an unfair method of competition and a deceptive act or
        practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

17

## DTPA VIOLATIONS

90.     All allegations above are incorporated herein.

91.     Felchak's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods

        and services provided by Felchak pursuant to the DTPA.  Plaintiff has met all conditions

        precedent to bringing this cause of action against Felchak. Specifically, Felchak's

        violations of the DTPA include the following matters:

        F.      By this Defendant's acts, omissions, failures, and conduct, Felchak has violated

                sections 17.46(b)(2), (5), and (7) of the DTPA.  Felchak's violations include, (1)

                failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

                estimate reflecting the proper repair of Plaintiff's Property when liability has

                become reasonably clear, which gives Plaintiff the right to recover under section

                17.46(b)(2).

        G.      Felchak represented to Plaintiff that the Policy and this Defendant's adjusting and

                investigative services had characteristics or benefits they did not possess, which

                gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

        H.      Felchak represented to Plaintiff that the Policy and this Defendant's adjusting

                services were of a particular standard, quality, or grade when they were of another,

                in violation of section 17.46(b)(7) of the DTPA.

        I.      Felchak's actions are unconscionable in that Felchak took advantage of Plaintiff's

                lack of knowledge, ability, and experience to a grossly unfair degree.  Felchak's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

J.      Felchak's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

92.   Each of Felchak's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Felchak, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

93.   All allegations above are incorporated herein.

94.   Defendant Felchak was negligent in his actions with regards to his adjustment of Plaintiff's claim, and violated the standard of care for insurance adjusters in the State of Texas.  Those failures include one or more of the following acts or omissions:

   a.  Failure to conduct a reasonable inspection/adjustment;

   b.  Failure to include covered damage that would be discovered as a result of a reasonable inspection;

   c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

   e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

95.     Felchak's acts and/or omissions constitute negligence.   His conduct, individually and together, was therefore a proximate cause of the damages sustained by Plaintiff.

96.     At all relevant times, Felchak was an agent or employer of Defendant Allstate.

97.     Felchak's unreasonable inspection/adjustment was performed within the course and scope of his duties with Defendants Allstate. Therefore, Defendant Allstate is also liable for the negligence of Felchak through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

98.     All allegations above are incorporated herein.

99.     Defendant Felchak's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.   Felchak's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.   Felchak had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

100.    Felchak intentionally misrepresented the scope and amount of damages. Felchak's estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

101.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

102.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

103.    Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

104.    Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

105.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation,

21

costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

106.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

107.    The damage on Plaintiff's Property is estimated at $45,026.93.

108.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

109.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

110.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

111.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens

against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

112.  For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

113.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

114.  As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

115.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

116.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiff hereby tenders the appropriate jury fee.

### PRAYER

Plaintiff prays that Defendants, Allstate Vehicle and Property Insurance Company, Edward Felchak, and Kristee Eldridge, be cited and served to appear, and that upon trial hereof, Plaintiff, Nancy Roberson, has and recovers from Defendants, Allstate Vehicle and Property Insurance Company, Edward Felchak, and Kristee Eldridge, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Nancy Roberson, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly Ninh Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

25

Received and E-Filed for Record
9/2/2016 3:38:53 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# CHAD T. WILSON LAW FIRM

| | |
|---|---|
| CHAD T. WILSON - Attorney at Law | cwilson@cwilsonlaw.com |
| KIMBERLY BLUM - Attorney at Law | kblum@cwilsonlaw.com |
| CHRISTIAN E. HAWKINS - Attorney at Law | chawkins@cwilsonlaw.com |

September 1, 2016

16-09-10159

Ms. Barbara Gladden Adamick
Montgomery County District Clerk
P.O. Box 2985
Conroe, Texas 77305-2985

Montgomery County - 284th Judicial District Court

**RE:  Cause No.:_____; *Nancy Roberson v. Allstate Vehicle and Property Insurance Company, Kristee Eldridge, and Edward Felchak;* In the _____ District Court, Montgomery County, Texas**

Dear Ms. Adamick:

Please prepare a civil process citation for the following and have each served by Certified Mail Return Receipt Requested through the court:

1.  Allstate Vehicle and Property Insurance Company
    C/O CT Corporation System
    1999 Bryan Street, Suite 900
    Dallas, Texas 75201-3136

2.  Kristee Eldridge
    2011 Stuart Avenue
    Ocean Springs, Mississippi 39564-3927

3.  Edward Felchak
    122 Sheri Lane
    Trinity, Texas 75862

I understand that there is a charge for this service and an additional charge to attach a copy of the Original Petition to the citation will be charged.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
Chad T Wilson Law Firm PLLC
Office:  (832) 415-1432
Fax:     (281) 940-2137