Case 4:16-cv-03256   Document 23   Filed in TXSD on 06/20/17   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. H-16-3256 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, KRISTEE ELDRIDGE, AND EDWARD FELCHAK, | § § § § § § | |
| Defendants. | | |

## ORDER

Pending before the Court is Plaintiff's Motion to Abstain and Remand (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

### I. BACKGROUND

This is an insurance dispute between Plaintiff Nancy Roberson ("Roberson") and Defendants Allstate Vehicle and Property Insurance Company ("Allstate"), Edward Felchak ("Felchak"), and Kristee Eldridge ("Eldridge") (collectively, "Defendants"). The dispute arises from a homeowner's insurance policy (the "Policy") Roberson purchased from Allstate. Roberson, a resident of Montgomery County, Texas, filed a claim under the Policy after her home sustained damage as a

1

result of a storm. After Roberson submitted her claim to Allstate, Allstate assigned the claim to two adjusters: Felchak and Eldridge.

Subsequently, Felchak and Eldridge each independently assessed the damage to Roberson's property and arrived at an estimation of total damages. On or about May 2, 2015, Felchak conducted the initial inspection of Roberson's property and accounted for damage to the roof, exterior fascia, air conditioner, bathroom, bedroom, and closet. On or about June 4, 2016, Eldridge conducted a reinspection of Roberson's property. Upon reinspection, Eldridge accounted for interior mold damage Felchak allegedly missed in the original inspection. Roberson alleges Felchak failed to properly adjust the property's interior mold damage. Roberson further alleges both Felchak and Eldridge underestimated the damage to the roof of the house and thus failed to properly adjust the damage thereon.

On September 1, 2016, Roberson filed suit in the 284th Judicial District Court of Montgomery County, Texas. Roberson alleges claims against the Defendants for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). Roberson alleges additional claims against Allstate individually for breach of contract, breach of the duty of good faith and fair dealing, and fraud. Roberson also alleges both Felchak and Eldridge were negligent and grossly negligent with respect to adjusting the insurance claim.

On November 4, 2016, Defendants removed the case to this Court, contending this Court has diversity jurisdiction because Felchak, a domiciliary of Texas, was improperly joined as a party. On November 28, 2016, Roberson moved to remand contending the parties are not completely diverse because Felchak was properly joined as a party.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). However, a case can be removed despite a lack of complete diversity if a defendant is fraudulently joined solely to destroy diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A removing party carries a heavy burden of proof when attempting to prove fraudulent joinder. *See, e.g., Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor.

3

*Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. LAW & ANALYSIS

The parties agree Felchak is the only non-diverse party in this case and, absent Felchak, the Court has diversity jurisdiction.[1] Defendants contend Felchak was improperly joined to defeat diversity jurisdiction. Plaintiff contends this Court does not have diversity jurisdiction because Felchak was properly joined.

To establish improper joinder, a defendant must show: (1) actual fraud in the jurisdictional pleadings of the facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There is no allegation of actual fraud in Roberson's pleading of jurisdictional facts. Defendants instead seek to establish improper joinder under the second prong: by showing that Roberson cannot establish a cause of action against Felchak. To do so, Defendants must prove "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Id.* This determination is made under the 12(b)(6) federal pleading standard. *Int'l Energy Ventures Mgmt. L.L.C. v. United*

---

[1] The parties do not contest the amount in controversy exceeds $75,000.00.

*Energy Grp., Ltd*, No. 14-20552, 2016 WL 1274030, at *6 (5th Cir. Mar. 31, 2016). In other words, if a plaintiff's claims against a non-diverse defendant can survive a 12(b)(6) motion to dismiss, joinder is proper, and the case should be remanded. *Smallwood*, 385 F.3d at 573.

Roberson brings claims against Felchak for violations of the Texas Insurance Code and the Texas DTPA as well as negligence and gross negligence. As to Roberson's Texas Insurance Code claims, Defendants contend Roberson cannot establish a claim against Felchak because the particular Texas Insurance Code claims Roberson asserts are inapplicable to individual insurance adjusters. Alternatively, Defendants contend Roberson has not otherwise pleaded sufficient facts to adequately state a claim against Felchak.

Roberson contends Felchak, in his capacity as an insurance adjuster, violated section 541.060(a)(2)(A) of the Texas Insurance Code. As a threshold issue, Defendants contend Roberson has no possibility of recovery against Felchak under section 541.060(a)(2)(A) of the Texas Insurance Code because section 541.060(a)(2)(A) is inapplicable to individual insurance adjusters. Insurance adjusters, however, can be found individually liable under section 541.060(a)(2)(A). *Richard v. Geovera Specialty Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at *5 (S.D. Tex. Nov. 3, 2016) (Atlas, J.) (holding an individual adjuster may be found liable under section 541.060(a)(2)(A) of the Texas

5

Insurance Code); *Roach v. Allstate Vehicle and Prop. Ins. Co., et al.*, No. 3:15-cv-3228-G, 2016 WL 795967, at *5 (N.D. Dall. Feb. 29, 2016) ("[T]he insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims . . . .").[2] Defendants alternatively contend Roberson has not pleaded sufficient facts to adequately state a claim against Felchak. A violation of Texas Insurance Code section 541.060(a)(2)(A) requires: "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . [a] claim with respect to which the insurer's liability has become reasonably clear."[3] Although Roberson's claims against Felchak ostensibly track statutory language, Roberson's factual allegations are spread between the "FACTS" and "CAUSES OF ACTION AGAINST EDWARD FELCHAK" sections in the petition. Taken as a whole, Roberson's petition attributes the following specific acts to Felchak:

---

[2] *See also Gasch*, 491 F.3d at 282 (finding Article 21.21, the predecessor statute of section 541.060 of the Texas Insurance Code, applicable to insurance adjusters in their individual capacities).

[3] TEX. INS. CODE § 541.060(a)(2)(A).

- "Felchak failed to write up an estimate for other damage to the Property affected by the windstorm . . . [s]pecifically, Felchak failed to account for any hail and wind damage to the rest of the roof."[4]

- "Felchak . . . failed to assess and mitigate any interior mold damage caused by the storm."[5]

- Felchak's damages estimation was markedly disparate to Plaintiff's public adjuster's damages estimation.[6]

- "Felchak . . . made misrepresentations as to the amount of damage Plaintiff's Property sustained . . . ."[7]

These facts sufficiently establish Roberson has a reasonable basis of recovery against Felchak under section 541.060(a)(2)(A) of the Texas Insurance Code. Therefore, Roberson has properly pleaded at least one claim against Felchak, making Felchak's joinder in this case proper.[8] Because Felchak, a non-

---

[4] *Defendant State Farm Lloyds' Notice of Removal*, Document No. 1, Exhibit D, ¶ 21(a) (Plaintiff's Original Petition) [hereinafter *Petition*].

[5] *Petition*, *supra* note 4, ¶ 21(b).

[6] *Petition*, *supra* note 4, ¶ 24(a).

[7] *Petition*, *supra* note 4, ¶ 24(b).

[8] Consequently, the Court need not analyze the sufficiency of Roberson's additional claims against Felchak. *See Gray*, 390 F.3d at 412 ("[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").

diverse defendant, was not improperly joined, the Court lacks diversity jurisdiction. Accordingly, the Court grants Roberson's motion to remand.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff Nancy Roberson's Motion to Abstain and Remand (Document No. 5) is **GRANTED**.

SIGNED at Houston, Texas, on this **20** day of June, 2017.

DAVID HITTNER
United States District Judge